UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LANE B. BAXTER,

Petitioner,

v. Case No. 04-C-1121

JUDY P. SMITH, Warden,

Respondent.

---

**DECISION AND ORDER ON RESPONDENT'S MOTION TO DISMISS PETITION AS UNTIMELY FILED AND TO STAY TIME FOR FILING ANSWER**

---

## I. PROCEDURAL BACKGROUND

On November 17, 2004, the petitioner, Lane B. Baxter ("Baxter"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Accompanying his petition was an application to proceed in forma pauperis. Baxter's petition was originally assigned to the Honorable Charles N. Clevert, Jr. for processing. On September 7, 2005, Judge Clevert issued an order in which, among other things, he denied as moot Baxter's application to proceed in forma pauperis and ordered the respondent to file an answer or other responsive pleading on or before October 6, 2005. Thereafter, on October 6, 2005, the respondent filed a motion to dismiss Baxter's petition as untimely filed, claiming that the petition was not filed within the one-year statute of limitations imposed by 28 U.S.C. § 2244(d)(1). The respondent's motion also seeks an order staying the respondent's time to answer the petition pending the court's resolution of the motion. In the meantime, on September 19, 2005, Judge Clevert reassigned the case to this court based on the parties' consent to proceed before a magistrate judge. On October 21, 2005, the petitioner filed a "Brief of Petitioner to Proceed

with Habeas Corpus Petition." On October 31, 2005, counsel for the respondent filed a letter with the court indicating that the respondent would not be filing a reply in support of her motion to dismiss. The net result of the foregoing is that the respondent's motion to dismiss is fully briefed and is ready for resolution. For the reasons which follow, the motion to dismiss will be granted.

## II. DISCUSSION

According to the information provided in Baxter's petition and in the respondent's motion, Baxter is currently in the respondent's custody at Oshkosh Correctional Institution (OCI). The cause of custody that Baxter challenges in the instant petition is his conviction for one count of first-degree sexual assault of a child in the Grant County Circuit Court. *See* Wis. Stat. § 948.02(1) (1998-99). Baxter was convicted on his no contest plea on December 16, 1998, and on January 22, 1999, he was sentenced to serve ten years' imprisonment for this crime. This sentence was to be served consecutively to another sentence he was then serving stemming from a 1992 conviction in the Sheboygan County Circuit Court for sexual assault of a child.

Baxter's appeal of his conviction proceeded under Wisconsin's no-merit procedure. *See* Wis. Stat. § 809.32; *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429 (1988); *Anders v. California*, 386 U.S. 738 (1967). On February 9, 2000, the Wisconsin Court of Appeals affirmed Baxter's conviction. That court agreed with Baxter's appointed appellate counsel that there were no issues of arguable merit to pursue an appeal. Baxter did not file a petition for review with the Wisconsin Supreme Court. *See* Wis. Stat. § 809.62.

Baxter did not further challenge his conviction until he filed a motion for sentence modification on March 20, 2003. On June 13, 2003, the trial court denied his motion. Thereafter,

on January 22, 2004, Baxter filed a motion to correct his sentence. On February 10, 2004, the court denied this motion. Baxter's subsequent motion to reconsider was denied on February 27, 2004.

On April 22, 2004, Baxter filed a motion to correct his sentence and on April 26, 2004, he filed a motion to vacate. These two motions were denied on May 5 and May 10, 2004, respectively.

Finally, on May 17, 2004, Baxter filed a motion challenging his conviction in the Wisconsin Court of Appeals. The court of appeals denied the motion on May 21, 2004.

The respondent argues that Baxter's petition for a writ of habeas corpus is untimely. Specifically, citing 28 U.S.C. § 2244, the respondent argues that Baxter's petition is barred by the statute of limitations.

Title 28 U.S.C. § 2244(d)(1) provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date of which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The statute of limitations applies to petitions which, like Baxter's petition, are filed after the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), to wit, April 24, 1996. *See Newell v. Hanks*, 283 F.3d 827, 832 (7th Cir. 2002).

As stated previously, Baxter's appeal of his conviction proceeded under Wisconsin's no-merit procedure and on February 9, 2000, the Wisconsin Court of Appeals affirmed Baxter's conviction. Baxter did not file a petition for review with the Wisconsin Supreme Court. Consequently, the date upon which Baxter's judgment of conviction became final, for purposes of application of § 2244(d)(1)(A), was the last date on which he could have filed, but did not file, a petition for review with the Wisconsin Supreme Court. This was thirty days after the court of appeals issued its decision affirming his conviction, or March 11, 2000. *See* Wis. Stat. §§ 808.10, 809.62. This means that the statute of limitations under § 2244(d)(1)(A) would be March 11, 2001. Yet, Baxter's federal habeas corpus petition was not filed until November 17, 2004. This was more than three years after the statute of limitations, as calculated under § 2244(d)(1)(A), had expired. *See Gendron v. United States*, 154 F.3d 672, 674 (7th Cir. 1998), *overruled on other grounds by Clay v. United States*, 537 U.S. 522 (2003).

To be sure, Title 28 U.S.C. § 2244(d)(2) also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" towards the statute of limitations. However, Baxter did not file his motion for sentence modification until March 20, 2003. By the time he filed that motion, the statute of limitations on his federal habeas corpus petition had already expired. Thus, there was no time left to toll. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("[A] state court [motion for post-conviction relief] that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'") (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)); *Williams v. Sims*, 390 F.3d 958,

963 (7th Cir. 2004). Consequently, Baxter's petition for a writ of habeas corpus is time-barred under the provisions of § 2244(d)(1)(A).

Section 2244(d)(1) provides, however, that the date by which a federal habeas petition must be filed is the latest of

> (A) the date of which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Thus, before rejecting Baxter's petition as having been untimely filed, the court will examine whether the provisions of § 2244(d)(1)(B), (C), or (D) save it.

Baxter does not argue that there was some sort of impediment to his filing a federal habeas corpus application created by State action in violation of the Constitution or laws. Nor does he claim that his petition rests on a newly recognized constitutional right that was made retroactively applicable to cases on collateral review. Thus, neither § 2244(d)(1)(B) nor § 2244(d)(1)(C) aid him in his quest to have this court hear the merits of his petition. However, he appears to claim the protection of § 2244(d)(1)(D).

Specifically, Baxter asserts as follows:

> Baxter Through His Own Due diligence has now Newly Discovered Evidence, that Baxter's Due Process Rights were indeed Violated under the Rule of law, by His, Conviction for a crime, He did (NOT) Committ, And by that crime, Baxter stands to face "Retroactive" Cumulative and degrading inhuman treatment by the D.O.C. and the State of Wisconsin, For a (RAPE) He did Not committ under the rule of Law, And that Baxter also . . . Faces's a [Civil Commitment] under Wisconsins, § 980 -

> Law Because by Statutory Law of the State He Has Committed (3) sexual Assaults! that are Violent Felonys, by Wisconsin Law.

(Pet'r's Br. at 7, ¶ 3.) Unfortunately for Baxter, the "newly discovered evidence"upon which he seems to rely in support of his argument was not discovered on a date that would render his petition timely filed. To the contrary, such "newly discovered evidence" is not "new" at all. Instead, it is information of which Baxter was reasonably aware of at, or shortly after, the time he was convicted, to wit, in 1999.

Specifically, Baxter claims that the sentence which was imposed on him was consecutive to his earlier sentence and should have been concurrent. By imposing a consecutive sentence, "Baxter feels this violated, His Due Process Rights" and subjected him "to some what of a double Jeopardy." (Pet'r's Br. at 10, ¶ 9.) Baxter also claims that his sentence that was imposed violated the plea agreement. (Pet'r's Br. at 10, ¶ 10.) Baxter further claims that "His Attorney 'DUPE[d]'[him] into Signing a Waiver of Rights Form, for a Fictitious Plea Bargain that was never honored." (Pet'r's Br. at 10, ¶ 11.) In that regard, Baxter asserts that if he "had the Vagueness or uncertainty that He was going to receive a Consecutive sentence of (10-years) to His already Imposed (8-years) [he] Would (NEVER) have waive[d] His Rights for that Type of Sentence." (Pet'r's Br. at 11, ¶ 12.)

Simply stated, even assuming that Baxter could assert a constitutional claim predicated on the foregoing matters, he was fully aware of "the factual predicate of [such] claim or claims" at or shortly after the entry of judgment in 1999. Such being the case, the provisions of section 2244(d)(1)(D) will not save his petition from dismissal based on untimeliness.

In conclusion, Baxter's federal habeas corpus petition is untimely, as it was filed long after the statute of limitations as set forth in 28 U.S.C. § 2244(d)(1) had expired. Consequently, the respondent's motion to dismiss will be granted and Baxter's petition will be dismissed.

**NOW THEREFORE IT IS ORDERED** that the respondent's motion to dismiss be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that the respondent's motion to stay the time of filing an answer be and hereby is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that Baxter's habeas corpus petition and this action be and hereby are **DISMISSED**.

**SO ORDERED** this 4th day of November 2005, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge